RECEIVED CLERK'S OFFICE

2009 JUN 30 A 11: 18

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yahya Muqit, #318455, | C.A. No. 2:08-3904-CMC-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Warden, McCormick Correctional Institution, | |
| Respondent. | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on March 20, 2009, and the petitioner's cross motion for summary judgment filed on May 13, 2009.  28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Yahya Muqit[1], is presently confined in the McCormick Correctional Institution of the South Carolina Department of Corrections.  The Spartanburg County Grand Jury indicted Petitioner at the January 2006 term of court for two counts of armed robbery, two counts of possession of a firearm

---

[1] Petitioner has signed his name in all pleadings and correspondence with this court as "Muqit".  However, he was indicted as "Yahya Muquit", and he is entered into the records of the South Carolina Department of Correction as "Yahya Muquit".

1

during commission of a violent crime, and two counts of pointing and/or presenting a firearm at persons. (Indictment Nos. 06-GS-42-249 through 252). The Petitioner, along with a co-defendant Hardy Lassiter, received a jury trial, before the Honorable J. Derham Cole, on October 30, 2006. The Petitioner was represented at trial by Clay Allen, Esquire. The jury convicted the Petitioner on all four counts, and Judge Cole sentenced him to concurrent thirty (30) year prison terms on each armed robbery count, consecutive five (5) year prison terms on each possession of a firearm during a violent crime, and concurrent five (5) year prison terms on each pointing and presenting a firearm at persons.

The Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Eleanor Duffy Cleary represented the Petitioner on direct appeal. On February 11, 2008, Petitioner filed his Final Brief of Appellant, in which he presented the following issue for review:

> Did the trial court err in refusing to suppress evidence of clothing obtained as a result of a warrantless search of appellant and his co-defendant's property where the search was not incidental to arrest?

Final Brief of Appellant at p. 3. On January 12, 2009, the South Carolina Court of Appeals filed a published Opinion affirming the Petitioner's convictions and sentence. State v. Muquit, 381 S.C. 114, 671 S.E.2d 643 (2009). The South Carolina Court of Appeals

issued the Remittitur on January 28, 2009.

The Petitioner did not file an Application for Post-Conviction Relief.

Petitioner filed the instant habeas corpus action pursuant to 28 U.S.C. § 2254 with a delivery date[2] of November 21, 2008, prior to the decision on his appeal. Petitioner amended his petition on February 2, 2009.

On March 20, 2009, the respondent filed a motion for summary judgment. On March 24, 2009, the petitioner was provided a copy of the respondents' motion for summary judgment and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The petitioner filed a cross motion for summary judgment in opposition to the Respondents' motion on May 13, 2009. Hence it appears consideration of the motion is appropriate.

The following documents have been made part of the record here:

> 1. Transcript of Record, the Honorable J. Derham Cole, October 30th, 31st and November 1, 2006;
>
> 2. Final Brief of Appellant dated February 11, 2008;

---

[2] Pursuant to Houston v. Lack, 477 U.S. 266, 270-71 (1988), a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court.

3.  Final Brief of Respondent dated February 11, 2008;

4.  South Carolina Court of Appeals published Opinion dated January 12, 2009;

5.  Remittitur dated January 28, 2009;

6.  Search warrants with supporting Affidavits, Consent to Search; Indictment; and sentencing sheets.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his amended Petition for Writ of Habeas Corpus under 28 U.S.C. 2254:

> **GROUND ONE:**   Trial counsel as well as Appellate counsel were ineffective violating the Petitioner's 6th Amendment affective counsel – discrimination to the petitioner.
>
> **GROUND TWO:**   The trial court lacked jurisdiction to convict and sentence petitioner for procedural violations of SCRCP Rule 3 which had rendered indictment unconstitutional null and void.
>
> **GROUND THREE:**  The petitioner was never indicted by a grand jury impanelment of 18 members as is required by law.
>
> **GROUND FOUR:**   Trial judge failed to instruct jury properly.

## APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action filed in 2007.  Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

## **THE HABEAS CORPUS EXHAUSTION REQUIREMENT**

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas corpus. Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375, 118 S.Ct. 1352 (1998), citing Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497 (1977); see also, 28 U.S.C. § 2254(b). The theory of exhaustion is based on 28 U.S.C. § 2254, which gives the federal court jurisdiction of habeas petitions. See generally, O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, (1999).

The court's exhaustion requirements under § 2254 are explained in <u>Matthews v. Evatt</u>, 105 F.3d 907, 910-911 (4th Cir.), <u>cert. denied</u>, 522 U.S. 833, 118 S.Ct. 102 (1997).  In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims.  Thus, a federal habeas court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them.  The burden of proving that a claim has been exhausted lies with the petitioner.  The exhaustion requirement, though not jurisdictional, is strictly enforced. (Citations omitted).

In order to exhaust his collateral claims in state court, a South Carolina habeas corpus petitioner must pursue a direct appeal and file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10-160.  As the South Carolina Supreme Court has explained: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."  <u>In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases</u>, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

**PROCEDURAL DEFAULT**

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural default of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. See, e.g., Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct. 2661 (1986).

Procedural default can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Furthermore, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. A petitioner must also raise all grounds raised but denied at the PCR hearing level in his subsequent petition to the South Carolina Supreme Court for a writ of certiorari from the denial of PCR if he is to preserve them for consideration here.

**THE RELATIONSHIP BETWEEN EXHAUSTION AND PROCEDURAL DEFAULT**

If a petitioner in federal court has failed to raise a claim

7

in state court at the appropriate juncture, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed (or defaulted) his opportunity for relief in the state courts. Under these circumstances, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833, 118 S.Ct. 102 (1997), citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546 (1991); Teague v. Lane, 489 U.S. 288, 297-98, 109 S.Ct. 1060 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). In other words, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. Teague v. Lane, 489 U.S. at 297, 298.

## DISCUSSION

A review of the record and relevant case law reveals that the petition should be dismissed without prejudice.

None of the claims which were presented here have ever been before the South Carolina courts either on appeal or by way of an application for post conviction relief and are, therefore, unexhausted. The only claim that has been exhausted[3] in the

---

[3] Did the trial court err in refusing to suppress evidence of clothing obtained as a result of a warrantless search of appellant and his co-defendant's property where the search was not incidental to arrest?

state courts, is not among the claims presented in the instant petition.

Petitioner's first claim, that his lawyer was constitutionally ineffective, is cognizable in a state application for post conviction relief and can still be timely brought. His remaining claims were direct appeal issues and have been procedurally defaulted because Petitioner did not raise them in his direct appeal. The instant petition is incapable of producing the result sought by the petitioner.

The court realizes that dismissal of the present action, without prejudice, results in Petitioner having to wait for state court review of a post-conviction relief application. However, an alternative ruling could leave Petitioner in a position where he is unable to challenge his underlying state convictions in federal court[4]. While § 2254 allows for successive petitions, leave to file such petitions must be granted by the Court of

---

[4] The court notes that in Rhines v. Weber, the United States Supreme Court held that, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines v. Weber, 544 U.S. 269, 278, 125 S.Ct. 1528 (2005). Because the habeas statute of limitations has not yet run, and would be tolled during the pendency of the state court collateral review in post conviction relief, it does not appear that the petitioner runs the risk of forever losing his opportunity for any federal review of his claims if the court dismisses the case without prejudice. Id. at 274-275.

Appeals. In addition, leave to file a successive petition is available only in certain limited circumstances. See 28 U.S.C. § 2244(b)(2).

Again, Petitioner failed to assert any exhausted grounds for relief in the present petition; he includes no substantive claims upon which the Court could provide relief under § 2254 and is wholly futile. A decision by the Court on the merits of Petitioner's present habeas action could effectively foreclose Petitioner's ability to challenge his state court convictions in a future successive habeas action.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the petition be dismissed without prejudice to being brought again at the conclusion of state court review.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

June 29, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).